```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
```

BEVERLY DIANE JOSEPH,  NOT FOR PUBLICATION

        Plaintiff,  **MEMORANDUM AND ORDER**

    -against-  16-CV-806 (KAM)

CLINT #2053, Dormitory 205 Magnolia
House-Camp A,

        Defendant.
```
----------------------------------------x
```
**MATSUMOTO, United States District Judge:**

    Plaintiff Beverly Diane Joseph, proceeding *pro se*, filed this action on February 2, 2016.[1] (ECF No. 1, Complaint.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed. Plaintiff is granted thirty (30) days from the entry of this Order to file an amended complaint.

## STANDARD OF REVIEW

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii)

---

[1] The complaint was originally filed in the United States District Court for the Southern District of New York and transferred to this court by Order dated February 4, 2016. This court notes that the Southern District previously warned plaintiff that the filing of frivolous actions may result in the imposition of sanctions. *See Joseph v. Rebeeco*, No. 14-cv-7812 (S.D.N.Y. Sept. 26, 2014).

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of a proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## BACKGROUND

Plaintiff's complaint is largely illegible. It is difficult to discern any facts alleged or the purported basis for plaintiff's federal cause of action. Although the complaint references, *inter alia*, the "Civil Rights Act Laws of 1979" and the Americans with Disabilities Act, the complaint does not allege discrimination in any decipherable way. For example, plaintiff states that:

> personal mechanical magnetic metallic electronic hand held ipod devices which transmitts [sic] digital directives to the implanted magnetic metallic mechanical . . . radar tracker beneath my rear skull cranial bone causes tremendous pain to my stem cell.

(Compl. at 2.)[2] Plaintiff seeks, *inter alia*, money damages, the return of her property, "the complete shutdown of Magnolia House," and deportation of the defendant. (*Id.* at 5.)

### **DISCUSSION**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must plead facts to "give the defendant fair notice of the claim, and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 734 (2d Cir. 2013) (citations omitted). Plaintiff's largely illegible and unintelligible complaint fails to provide defendant with fair notice of plaintiff's claims or allow the court to draw any reasonable inferences as to the relief she seeks.

Although plaintiff's claims may reveal themselves to be frivolous, in light of the court's duty to liberally construe

---

[2] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

3

*pro se* complaints, and in an abundance of caution, the court will grant plaintiff leave to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.  *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file an amended complaint that must comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth factual allegations to support her claims against each named defendant.  The amended complaint must be legible and concise.  Plaintiff cannot rely on exhibits or other documents to replace a statement of claim.  Plaintiff must identify the defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions she alleges in the amended complaint.  Plaintiff must also provide the dates and locations for each relevant event that supports her claim.  Even if plaintiff does not know the name of the individual defendant, she may identify the individual as John or Jane Doe, along with descriptive information and the place of the individual's employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this Order by filing an amended complaint within the thirty-day period allowed, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  Brooklyn, New York
        May 23, 2016

                                             _____/s/_____
                                             KIYO A. MATSUMOTO
                                             United States District Court